## Bill v. Scott.

When a justice of the peace binds to good behavior, he can bind only till the next court of common pleas, leaving it to the discretion of that court to continue or discharge the bonds.

Error from the judgment of a justice of the peace. Scott brought his action *qui tam*, against Bill, for an assault and battery, demanding damage £4. The justice rendered judg-

ment for the plaintiff, which was recorded in these words: " Watertown, January 28th, 1786.   At a court for the trial of small causes, Thomas Fenn, Esq., justice of the peace for Litchfield county, present; Elijah Bill, of Watertown, was brought by a specialty to answer to a complaint signed by Eliphaz Scott, of said Watertown, for breach of the peace. The court opened, the delinquent, in court, pleaded, not guilty.   The plaintiff testified, under oath, that he was guilty; and evidence was sworn, examined, and the case heard at large.   This court find damage for the plaintiff £4. lawful money, and ten shillings fine to the public, and order said Elijah Bill to find sufficient bond of £100 for his peaceable behavior, and to pay cost, taxed at nineteen shillings, nine pence."

Errors assigned.   1. That it appears from the record, that the testimony of the plaintiff in the action was admitted on the trial, which was illegal.

2. That the bond for the good behavior of the then defendant, was illegally taken, for that no time is set when it may expire, nor any reference had to any court where the plaintiff can obtain relief against it.

And without argument, the judgment of the justice was reversed.   For,

By the whole COURT.   The complainant who prosecuted, as well for his own damages as for a breach of the peace, was admitted as a witness in the case — which was illegal.

And it doth not appear from the record, that the defendant was found guilty, though he was adjudged to pay damages and costs.

The defendant was bound to his good behavior, without

day, or reference to any court:    Whereas, a justice of the peace can bind, in such case, only to the next Court of Common Pleas, leaving it to the discretion of that court to continue or discharge the bonds.